# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY M. POSEY,

    *Petitioner*,

vs.

SHERIFF DOUG GILLESPIE,

    *Respondent.*

2:12-cv-00313-JCM-VCF

ORDER

    This habeas action comes before the court on petitioner's application (#1) to proceed *in forma pauperis* and for initial review of the petition. On the application to proceed *in forma pauperis*, the court finds that petitioner is unable to pay the $5.00 filing fee from currently available funds in his inmate account. The application therefore will be granted.

    Turning to initial review, under the local rule LSR 3-1, a habeas petition must be filed on the court's required form, in this case a habeas petition form for a petition under 28 U.S.C. § 2241. Petitioner may not submit a handwritten petition to the court. This action therefore will be dismissed without prejudice to the filing of a new petition on the proper form with a new pauper application in a new action. Proceedings under this docket number will be closed by the order and judgment of dismissal, and petitioner must start a new action under a new docket number if he seeks further relief.

    The court will direct the clerk to provide petitioner a copy of a petition form and the papers that he filed. With regard to petitioner's request for a copy of the local rules, the court is not a legal publisher and does not have free copies of the rules to give to litigants.

1 Petitioner will have to seek same from the detention center law library, to the extent
2 necessary. Prisoners generally do not need to review local rules to complete pleadings forms
3 and file them in federal court.

4     IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
5 is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

6     IT FURTHER IS ORDERED that the clerk of court shall file the petition and that the
7 petition is DISMISSED without prejudice.[1]

8     The clerk shall provide petitioner a copy of an AO-242 form for a § 2241 petition, which
9 is available on the J-Net forms page, and a copy of the papers that he filed.

10     The clerk shall enter final judgment accordingly, dismissing the action without
11 prejudice.

    DATED: March 2, 2012.

_____
JAMES C. MAHAN
United States District Judge

---

[1] Nothing in this order suggests by implication that the petition is free of other deficiencies. At the very outset, federal courts generally do not intervene in pending state criminal proceedings. A criminal defendant instead must raise his federal claims in the state courts, and federal habeas review generally is not available until, at the very least, a direct appeal has been concluded in the state courts in the event of a conviction. Petitioner's assertion – in an effort to avoid this rule – that he is being subjected to "double jeopardy" would appear to be frivolous on its face. From the papers presented, petitioner is being subjected to a first-only prosecution for the offenses in question, not a second prosecution for the same offense. Moreover, a habeas petitioner first must exhaust his federal claims in the state courts by fairly presenting the claims to the state courts – through to the Supreme Court of Nevada – in a procedural context where the merits of the claims will be considered. It does not appear from the papers presented that petitioner has fully satisfied this exhaustion requirement. The court further would note that the present petition is replete with irrelevant and immaterial matter. While a petitioner must plead his *constitutional claims* with factual specificity, alleging, literally, his entire life history, including his medical history, both is unnecessary and renders the overly prolix pleading subject to being stricken.