# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY M. POSEY,

    *Petitioner*,

vs.

SHERIFF DOUG GILLESPIE, *et al.*,

    *Respondents*.

2:12-cv-00313-JCM-VCF

ORDER

    This habeas matter under 28 U.S.C. § 2241, in which petitioner seeks federal pretrial intervention in a pending state criminal proceeding, comes before the court on petitioner's application (#8) for a certificate of appealability.

    Although the court did not provide a disposition as to a certificate of appealability in its order of dismissal, it would appear that a certificate of appealability is a prerequisite for an appeal when an inmate or detainee in state custody seeks relief under § 2241. *See,e.g., Wilson v. Belleque*, 554 F.3d 816, 824-25 (9th Cir. 2009).

    When the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show, in order to obtain a certificate of appealability: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). While both showings must be made, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the

record and arguments." 529 U.S. at 485, 120 S.Ct. at 1604. Where a plain procedural bar is properly invoked, an appeal is not warranted. 529 U.S. at 484, 120 S.Ct. at 1604.

In the present case, jurists of reason would not find it debatable whether the district court was correct in its dismissal of the handwritten petition without prejudice to the filing of a new petition in a new action instead on the required form. The court's local rule LSR 3-1 requires that a habeas petition must be filed on the court's required form, in this instance an AO-242 form for a § 2241 petition. The court directed the clerk to provide petitioner such a form and dismissed the current action without prejudice. Such dismissal is not tantamount to a with-prejudice dismissal given that petitioner has not been convicted in the pending state criminal proceedings, such that the federal limitation period has not even begun to run.

Petitioner urges in his application that his constitutional rights allegedly are being violated in the pending state criminal proceedings and that the state courts have not granted him relief. However, even assuming *arguendo*, that petitioner were to present a viable basis for federal pretrial intervention in the pending state criminal proceedings, which *arguendo* assumption is a highly dubious one,[1] petitioner still must present a petition on the required form. Petitioner's application ignores the purely procedural basis for the dismissal without prejudice to the filing of a new petition in a new action on the proper form.

The court accordingly will deny a certificate of appealability.

Further, the court, pursuant to 28 U.S.C. § 1915(a)(3), certifies to the court of appeals that the appeal is not taken in good faith. An appeal of a dismissal without prejudice to the filing of a new petition on the proper form in a new action – with no accompanying adverse limitation period consequences – is frivolous such that an appeal would be dismissed in the case of a non-indigent litigant.

/ / / /

---

[1] As the court noted in passing in a footnote in the order of dismissal, petitioner's attempt to recast his claims as a violation of double jeopardy would appear to be frivolous on its face. See #2, at 2 n.1. In all events, however, petitioner – in the first instance – must present his petition on the proper form as required by the court's local rule.

IT THEREFORE IS ORDERED that petitioner's application (#8) for a certificate of appealability is DENIED.

IT FURTHER IS ORDERED that the court further certifies to the court of appeals that the appeal is not taken in good faith.

The clerk shall reflect both dispositions prominently in the docket entry for this order and shall forward same to the court of appeals in the customary practice, which may include by notice of electronic filing.

DATED April 11, 2012.

_____
JAMES C. MAHAN
United States District Judge